II. Basis for Jurisdiction (§ D)
IV. Statement of Claim



On July 18th, 2021, Plaintiff was charged by the State of Maine with robbery Class A, in Docket Number CR-11-4590 alleging that he committed the crime at a convenience store in South Portland.

In relation to the criminal proceedings that followed, Rob Ellis, while acting under the color of law, knowingly engaged in malicious prosecution as well as prosecutor misconduct when he, directly and/or indirectly: forged false legal documents in relation to trespass paperwork that was served on Plaintiff, in multiple different versions; directly and/ or indirectly tampered with evidence in the legal proceeding, when he solicited the creation of knowingly false legal documents related to trespass paperwork that was served on Plaintiff; knowingly refused to provide Plaintiff with adequate and/ or proper discovery materials, which denied Plaintiff an otherwise available defense; directly and/or indirectly knowingly caused law enforcement officials to manufacture false legal documents, which prejudiced Plaintiff; knowingly refused to provide Plaintiff with due process when he failed to ensure that the criminal trial was conducted in a reasonably timely manner; knowingly engaged in witness tampering when he, directly and/or indirectly attempted to gain witness statements by means of duress, which prejudiced Plaintiff; knowingly introduced false witnesses at the applicable trial (e.g. some of the witnesses produced by the prosecution were not who they represented themselves to be); and employed tactics directly leading to the applicable Court withdrawing Plaintiff's right to counsel, leading to Plaintiff being forced to represent himself in the legal proceedings.

In relation to the same criminal proceedings, Steve Webster; Chris Todd; Glenn Tucker; Scott Vaughn; Thomas Selby; Andrew Flynn; Eric Barry; Tim Dalton; May Pearson; Steven Thibodeau; Kyle Jandreau; and Chris Parr, while acting under the color of law, individually and/or collectively: knowingly engaged in officer/ police misconduct when they either directly and/or indirectly, forged false legal documents in relation to trespass paperwork that was served on Plaintiff, in multiple different versions (e.g., different dates; different signatures; etc..), which denied Plaintiff an otherwise available defense; knowingly, directly and/ or indirectly, falsified police logs when they created false law enforcement log/ logbook entries (e.g., different dates and times when paperwork was served on Plaintiff), which denied Plaintiff an otherwise available defense; knowingly directly and/ or indirectly tampered with evidence in the legal proceeding, when they directly and/ or indirectly solicited the creation of knowingly false legal documents related to trespass warning paperwork that was served on Plaintiff (e.g., created and/or had created false/ forged legal documents), which denied Plaintiff an otherwise available defense;

1

In relation to the same criminal proceedings, Toddy Justice, while acting under the color of law, knowingly and intentionally, directly and/or indirectly, substantially inflated what the cost would be for Plaintiff to obtain indispensable discovery materials, which led to his request for such discovery materials to be denied (Toddy Justice claimed producing the applicable discovery materials would "shut down the town"), and, consequently, directly denied Plaintiff an otherwise available defense in the applicable criminal proceedings against him.

In relation to the same criminal proceedings, Kevin O'Donovan, while acting under the color of law, knowingly, directly and/ or indirectly, refused to adhere to his legal responsibilities as a private investigator, when he refused to conduct a reasonable and/ or proper investigation, contrary to applicable legal standards, and when he refused to provide plaintiff with any report in relation to any applicable investigation he conducted, which denied Plaintiff an otherwise available defense in the applicable criminal proceedings against him.

In relation to the same criminal proceedings, Jeff Waxman, while acting under the color of law, knowingly, directly and/ or indirectly, refused to adhere to his legal responsibilities as a private investigator, when he refused to conduct a reasonable and/ or proper investigation, contrary to applicable legal standards; falsely represented his identity in a legal proceedings during the applicable trial, which prejudiced Plaintiff; and when he refused to provide Plaintiff with any report in relation to any applicable investigation he conducted, which denied Plaintiff an otherwise available defense in the applicable criminal proceedings against him.

In relation to the same criminal proceedings, Cheryl Holmes, while acting under the color of law, knowingly, directly and/ or indirectly, refused to provide Plaintiff with requested legal discovery materials, namely Cumberland County Jail detainee phone records in her custody and/or control, which denied Plaintiff an otherwise available defense in the applicable criminal proceedings against him.

 In relation to the same criminal proceedings, Bob Lebrasseur; Christiene Hanley; John Gayle; and Neil Duffett, while acting under the color of law, knowingly, directly and/ or indirectly, refused to provide Plaintiff with Constitutionally adequate applicable legal representation, when they refused to conduct sound trial strategy in failing to appropriately challenge the prosecution's alleged case against Plaintiff, which denied Plaintiff an otherwise available defense in the legal proceedings against him; (where applicable) falsely claimed Plaintiff made "threats" against them and/ or their staff, after unsuccessfully attempting to withdraw from representation in the applicable legal proceedings; refused to secure adequate discovery materials, which denied Plaintiff an otherwise available defense; knowingly refused to challenge forged legal documents created by the prosecutor's office and/ or law enforcement, in relation to trespass paperwork, police logs/ logbooks, etc.., which denied Plaintiff an otherwise available defense; failed to secure Plaintiff his right to a speedy trial, which denied Plaintiff an otherwise available defense (e.g., witnesses become unreachable and/ or become unable to recall

2

material details; etc..); refused to secure indispensable discovery materials, which denied Plaintiff an otherwise available defense; refused to secure indispensable witnesses for Plaintiff's trial, which denied Plaintiff an otherwise available defense in the applicable criminal proceedings against him; refused to secure Plaintiff with a fair trial, which prejudiced Plaintiff; refused to secure Plaintiff with due process, which prejudiced him and denied him an otherwise available defense; refused to challenge the introduction by the prosecutor of false witnesses at the applicable trial (e.g., some of the witnesses produced by the prosecution were not who they represented themselves to be); and employed tactics leading to the applicable Court withdrawing Plaintiff's right to counsel, leading to Plaintiff being forced to represent himself in the legal proceedings.

While Plaintiff is not seeking to have such vacated, he is currently still serving the sentence imposed on him in relation to the above-stated legal proceedings.

Plaintiff seeks to apply any and all tolling to any statutory limitations, as well as the continuing wrong doctrine.

11-15-23   *[signature]*
JOSHUA NESBET

STATE OF MAINE
KNOX

    Personally appeared before me the above-named Joshua R. Nisbet and swore to the truth of the forgoing based on his personal knowledge.

Date: 11/15/23

Notary Public

*[Notary seal: NIOKA N. LORENZEN, NOTARY PUBLIC, STATE OF MAINE, EXP. 3-27-2024]*

*[Signature: Nioka N. Lorenzen]*

4