UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOSHUA R. NISBET, | ) |
| Plaintiff | ) ) ) |
| v. | ) 1:23-cv-00430-NT |
| ROB ELLIS, et al., | ) ) ) |
| Defendants | ) ) |

### RECOMMENDED DECISION AFTER REVIEW OF COMPLAINT

Plaintiff, who is evidently serving a state sentence, alleges he was harmed in a variety of ways during and as the result of state court criminal proceedings. Plaintiff has named multiple individuals as defendants, including an assistant district attorney, law enforcement officers, his former attorney and investigators, jail personnel, and a municipal official.

Plaintiff's complaint is subject to a preliminary review "before docketing, if feasible or … as soon as practicable after docketing," because plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's allegations, I recommend the Court dismiss the matter.

### LEGAL STANDARD

The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or

fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). In addition, issues of subject matter jurisdiction "can be raised sua sponte at any time" because they relate to the fundamental Article III limitations on federal courts. *See McBee v. Delica Co.*, 417 F.3d 107, 127 (1st Cir. 2005).

## DISCUSSION

The Court lacks jurisdiction over Plaintiff's claim. The essence of Plaintiff's complaint is that due to the actions of the defendants, he was wrongfully prosecuted and convicted in state court. Federal courts lack jurisdiction over suits which constitute "thinly veiled and improper attempts to collaterally attack [a] conviction" and "overrule the judgment of [the criminal court]." *Stone v. Holder*, 859 F. Supp. 2d 48, 52 (D.D.C. 2012). The proper avenues for collaterally attacking a criminal judgment are a direct appeal or pursuant to a habeas corpus petition under 28 U.S.C. §§ 2254 or 2255. *See, e.g., Olson v. U.S.*, Civil Action No. 0565 (JR), 2006 WL 3377942, at *1 (D.C.C. Nov. 21, 2006) (collateral attacks on criminal convictions may be resolved only on direct review or through a habeas petition); *see also Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a state prisoner could not maintain a claim under 42 U.S.C. § 1983 for damages where he alleged that his arrest, trial, and conviction were unconstitutional because an award of damages on such a claim would implicitly invalidate the conviction. Because the plaintiff challenged his conviction, the Supreme Court determined that the plaintiff must first obtain relief from the conviction through state or federal habeas proceedings, or similar proceedings, before seeking a remedy under § 1983. *Id.* at 487.

Here, for Plaintiff to prevail on his claims against the defendants, he would have to first invalidate his conviction. The Court, therefore, is without jurisdiction to consider Plaintiff's claims. *See O'Brien v. Town of Bellingham*, 943 F.3d 514, 529 (1st Cir. 2019) ("Whether *Heck* bars § 1983 claims is a jurisdictional question that can be raised at any time during the pendency of litigation").

## CONCLUSION

Based on the foregoing analysis, after a review in accordance with 28 U.S.C. § 1915A, I recommend the Court dismiss the matter.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 7th day of December, 2023.